# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KENT A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-2269-JTF-tmp |
| | ) | |
| | ) | |
| MEMPHIS LIGHT, GAS & WATER, | ) | |
| CRAIG V. POWERS, HAROLD COOK, | ) | |
| SUSAN JENKINS, and STEVEN BREWER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING
## IN PART DEFENDANT MLGW'S MOTION TO DISMISS

On April 20, 2018, Plaintiff Kent A. Green, proceeding *pro se*, filed a complaint against the Defendants for discrimination in employment alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e – 2000e -17, and for Age Discrimination pursuant to 29 U.S.C. §§ 621-634 based on Defendants' failure to promote him despite his noted qualifications, and for retaliation based on his race, color and age.[1] (ECF Nos. 1 & 2). On April 20, 2018, the matter was referred to the assigned Magistrate Judge pursuant to L.R. 4.1(b)(1) for management of all pretrial matters. On May 23, 2018, Defendant Memphis Light, Gas & Water ("MLGW") filed a Motion to Dismiss to which Plaintiff filed a Response in Opposition on June 19, 2018 and MLGW a Reply on Jun 29, 2018. (ECF Nos. 11, 13 & 14). On July 24, 2018, the Magistrate

---

[1] Plaintiff paid the entire $400.00 case initiation fee and, as such, the case was not screened pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 2.)

1

Judge issued a Report and Recommendation, recommending that MLGW's Motion to Dismiss be granted in part and denied in part. (ECF No. 15.) There have been no objections to the Magistrate Judge's report and recommendation and the time allowed for doing so has now expired. *See* L.R. 72.1(g)(2) and Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1).

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation offers proposed findings of fact to which neither party has objected. (ECF No. 15, pp. 1-3.) Green began his employment with MLGW on September 29, 1995. He has over 23 years of experience in the gas department; worked as a Safety & Training Specialist for ten months; passed the supervisor exam in order to permanently acquire the position, but ultimately that position was assigned to an "under qualified Caucasian welder" in January 2017. He was passed over for another position in November 2016

as Inspector Contractor Serv. As a result, Green filed a charge of discrimination with the EEOC on February 6, 2017 and the agency notified him of his right to sue on January 31, 2018. (ECF Nos. 15, 1-3 & 1-1, 1.) Because the parties have not objected to the Magistrate Judge's proposed findings of fact, the Court fully adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. <u>ANALYSIS</u>

The Magistrate Judge considered whether Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the following reasons: (1) Green's failure-to-promote claim is time-barred; (2) Green did not exhaust his administrative remedies with respect to the color-based discrimination claim; (3) the individually-named defendants are not liable for the Title VII or ADEA claims nor were they named in the EEOC charge. (ECF Nos. 15, 3 & 11, 1-2.) Liberally construing the complaint in a light most favorable to the Plaintiff and accepting all factual allegations as true, the Magistrate Judge concluded that Green's EEOC charge was, in fact, timely filed on February 6, 2017 because MLGW refused to promote Green to the "Safety Training Specialist Gas" position in January 2017, despite Plaintiff's assertions that the discriminatory acts occurred between June 2014 and January 2016. (*Id*. at 5-6.) However, the Magistrate Judge correctly concluded that Green's color-based discrimination claim, a distinct form of discrimination under Title VII, should be dismissed due to Plaintiff's failure to exhaust that claim by omitting that premise in his EEOC charge. (*Id*. at 6-7.) *See Reynolds v. Solectron Global Services*, 358 F.Supp.2d 688, 691 (W.D. Tenn. Feb. 28, 2005) and *Ang v. Proctor & Gamble Co.,* 932 F.2d 540, 545 (6th Cir. 1991). The Magistrate Judge addressed that the four individually-named Defendants were unnamed in the EEOC charge and only briefly named in

3

the Complaint without any additional factual details as to their respective job titles or alleged discriminatory conduct. Therefore, the Magistrate Judge concluded that these individually-named Defendants may not be personally liable under Title VII or ADEA and therefore should also be dismissed. *Tennial v. United Parcel Serv., Inc.,* No. 2:13-cv-2277-JTF-tmp, 2015 WL 13022010, at *3 (W.D. Tenn. Nov. 12, 2015) (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999)) and *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 546 (6th Cir. 2013). The Court agrees. As noted above, although now represented by counsel, Plaintiff has failed to submit any objections to the Magistrate Judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2) and the time to do so has expired.[2]

## **CONCLUSION**

Upon a *de novo* review of the *pro se* complaint, the EEOC Charge, and the Magistrate Judge's report and recommendation, the Court adopts the Magistrate Judge's report and recommendation in its entirety. Accordingly, the Court finds that MLGW's Motion to Dismiss as to Green's claim of color discrimination for failure to exhaust the administrative remedies and his Title VII and ADEA claims against the individually-named Defendants, Craig V. Powers, Harold Cook, Susan Jenkins and Steven Brewer should be Granted; and that MLGW's Motion to Dismiss as to Green's Claims under Title VII and the ADEA for failure to promote and retaliation should be DENIED. Green's retaliation claim will also proceed at this time.

**IT IS SO ORDERED** on this 21st day of August, 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] On August 7, 2018 and August 9, 2018, Laura Elizabeth Smittick and Darrell J. O'Neal filed Notices of Appearance on behalf of Plaintiff in this matter. (ECF Nos. 16, 17 & 19.)